UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HANKINS,<br><br>            Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON, et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00720-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE (1) TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE, and (2) TO PLEAD ANY COGNIZABLE CLAIM**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Joshua Hankins is appearing pro se and *in forma pauperis* in this civil rights action.

**I.     BACKGROUND**

On April 11, 2025, the Court issued its First Screening Order. (Doc. 12.) Specifically, the Court found Plaintiff's complaint named an improper defendant (Avenal State Prison), violated Rule 8 of the Federal Rules of Civil Procedure because Plaintiff failed to identify the prison officials alleged to have violated his civil rights, and failed to state a claim upon which relief could be granted. (*Id*. at 4-12.) Plaintiff was directed to file a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal within 21 days. (*Id*. at 12-13.)

On May 13, 2025, when more than 21 days plus time for mailing passed, the Court issued

1  its Order to Show Cause (OSC) in Writing Why Action Should Not be Dismissed for Failure to
2  Obey Court Order and Failure to Prosecute. (Doc. 13.) Plaintiff was ordered to respond within 14
3  days, explaining why the action should not be dismissed, or, in the alternative, to file a first
4  amended complaint or a notice of voluntary dismissal. (*Id*. at 2.)

5        On May 27, 2025, Plaintiff filed an untitled document—docketed as a response to the
6  OSC—comprised of two handwritten pages, a copy of a December 7, 2022, memorandum
7  concerning the City of Avenal's drinking water, and a copy of a document purported to concern
8  the "Avenal Water District" stating "Total trihalomethanes (TTHMs) was found at 361 times
9  above EWG's Health Guideline." (Doc. 14.)

10        Because Plaintiff's May 27, 2025, is unresponsive to the Court's screening order and the
11  OSC, the undersigned will recommend dismissal of this action, without prejudice, for Plaintiff's
12  failure to obey court orders and failure to prosecute, and separately, because Plaintiff's operative
13  complaint fails to state a cognizable claim upon which relief may be granted (for the reasons set
14  forth in the undersigned's first screening order, Doc. 12).

15  **II.    DISCUSSION**
16        *Applicable Legal Standards*

17        The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
18  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
19  be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule
20  or within the inherent power of the Court." Local Rule 110. "District courts have inherent power
21  to control their dockets" and, in exercising that power, may impose sanctions, including dismissal
22  of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
23  A court may dismiss an action based on a party's failure to prosecute an action, obey a court
24  order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
25  1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*
26  *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court
27  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
28  prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

<u>The Public Interest in Expeditious Resolution/Docket Management</u>

Here, Plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal as directed by the Court in its screening order. Additionally, Plaintiff has failed to comply with the Court's OSC because does not explain why this action should not be dismissed, nor, in the alternative, did he file a first amended complaint or a notice of voluntary dismissal.

Specifically, the Court's First Screening Order advised Plaintiff that his original complaint was deficient in the following ways: (1) the complaint failed to name a proper defendant because the Eleventh Amendment grants immunity to a state agency like Avenal State Prison, the sole defendant named in this action (*see* Doc. 12 at 7); (2) the complaint violated Rule 8 because it failed to identify the prison officials (versus the institution) alleged to have violated Plaintiff's civil rights and thus failed to provide fair notice of his claims (*id*. at 7-8); and (3) to the degree the complaint alleged Eighth Amendment conditions of confinement claims concerning water temperature and water quality, Plaintiff failed to allege sufficient facts to state any cognizable claims (*id*. at 8-9).[1] Following screening, Plaintiff failed to file a first amended complaint or a notice of voluntary dismissal within 21 days as ordered.

Moreover, in the Court's OSC, Plaintiff was directed to file a written response explaining why he failed to comply with the screening order; in the alternative, Plaintiff was advised he

---

[1] The screening order also provided the legal standards applicable to any potential claims of First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs. (*See* Doc. 12 at 9-12.)

3

1  could respond by filing a first amended complaint or a notice of voluntary dismissal within that
2  same period. (*See* Doc. 13.) Instead, Plaintiff filed an untitled two-page handwritten document
3  accompanied by two pages of exhibits. While the Court might otherwise be inclined to presume
4  Plaintiff intended for this filing to be an amended complaint, the filing is wholly insufficient and
5  improper. It completely disregards the First Screening Order. Plaintiff was expressly advised in
6  the screening order that any "amended complaint supersedes the original complaint" and "must be
7  'complete in itself without reference to the prior or superseded pleading.'" (*See* Doc. 12 at 12.)[2]
8  The filing is no way amounts to an amended complaint that is complete in itself without reference
9  to the original complaint. Moreover, despite being provided with detailed explanations of the
10 deficiencies[3] identified by the Court in the original complaint and the opportunity to cure those
11 deficiencies, Plaintiff's May 27, 2025, filing cannot be understood to remedy those deficiencies in
12 any way. It makes no reference to any prison officials' purported violation of his constitutional
13 rights and again refers only to the Avenal State Prison, makes vague and conclusory allegations in
14 violation of Rule 8, and makes no effort whatsoever to cure the specific deficiencies concerning
15 claims one and two. Therefore, the undersigned assesses that Plaintiff cannot cure his pleading.
16 *See, e.g., Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first
17 amended complaint and finding leave to amend futile where complaint's allegations belied
18 plaintiff's entitlement to relief). In sum, Plaintiff made no attempt to cure the many deficiencies
19 identified in the screening order. For all these reasons, this Court finds the first and second
20 factors — the expeditious resolution of litigation and the Court's need to manage its docket —
21 weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.
22 ///

---

[2] Notably, Plaintiff was served with a blank amended civil rights complaint form for use in filing an amended complaint. (*See* Doc. 12 at 12.)

[3] *See* Doc. 12 at 7 ("Plaintiff cannot pursue claims for damages or injunctive relief against the Avenal State Prison in this action"), 8 ("Plaintiff must identify the prison officials whom he alleges have violated his constitutional rights. … Any amended complaint must comply with Rule 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved. Plaintiff is advised that simply alleging a 'C.O.,' 'they,' or 'them,' or grouping defendants to more general assertions of overall conduct is insufficient," and regarding claim one: "Plaintiff alleges only temporary conditions … [and] fails to allege sufficient facts to show any prison official acted with deliberate indifference"), 9 (same concerning claim two).

Risk of Prejudice to Defendant

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the screening order directed Plaintiff to file either a first amended complaint curing the deficiencies identified in the order, or to file a notice of voluntary dismissal, within 21 days. Plaintiff has failed to do so. Because Plaintiff has failed to comply with the screening order and the OSC, his failures amount to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Thus, the third factor — a risk of prejudice to the defendants — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Disposition on the Merits

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has completely failed to comply with the screening order and the OSC because he made no attempt to cure the deficiencies identified by the Court and has filed neither a first amended complaint nor a notice of voluntary dismissal. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The Availability of Less Drastic Sanctions

Finally, the Court's warning to a party that failure to obey the court's orders or rules will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the First Screening Order issued April 11, 2025, expressly warned: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey court order and for failure to prosecute**." (Doc. 12 at 13, emphasis in original.) Further, in the OSC, Plaintiff was expressly warned: "**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this**

5

1 **action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure
2 to prosecute**." (Doc. 13 at 3, emphasis in original.) Lastly, in the First Informational Order in
3 Prisoner/Civil Detainee Civil Rights Case issued May 11, 2023, Plaintiff was advised as follows:
4 "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil
5 Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern
6 District of California ("Local Rules"), as modified by this Order. Failure to so comply will be
7 grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110;
8 Fed. R. Civ. P. 41(b)." (*See* Doc. 3 at 1.) Thus, the undersigned finds Plaintiff had adequate
9 warning that dismissal could result from his noncompliance with this Court's orders. Thus, the
10 fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963
11 F.2d at 1262; *Carey*, 856 F.2d at 1440.

Summary

13   In sum, Plaintiff has failed to comply with this Court's orders, and in doing so, has failed
14 to prosecute this action. Having weighed the equities and considered the relevant factors noted
15 above, the undersigned concludes that dismissal of the action is warranted.

16   Separately, for the reasons set forth in the undersigned's first screening order (Doc. 12),
17 dismissal is warranted because Plaintiff's operative complaint fails to allege sufficient facts to
18 support a cognizable claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
19 1990).

20   **III.   CONCLUSION AND RECOMMENDATIONS**

21   Accordingly, the Court **RECOMMENDS** that this action be dismissed, without prejudice,
22 based on Plaintiff's failure to obey Court orders and to prosecute this action, and separately, for
23 Plaintiff's failure to plead any cognizable claim.

24   These Findings and Recommendations will be submitted to the United States District
25 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**
26 after being served with a copy of these Findings and Recommendations, a party may file written
27 objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
28 Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without

1  leave of Court and good cause shown. The Court will not consider exhibits attached to the
2  Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the
3  exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
4  reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be
5  disregarded by the District Judge when reviewing these Findings and Recommendations under 28
6  U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result
7  in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).
8  IT IS SO ORDERED.

Dated:   **June 4, 2025**

UNITED STATES MAGISTRATE JUDGE

7